UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
10 APR -1 PM 4:25

----------------------------------------------------------------X

DAVID BLOOMER and EQASHA BLOOMER,

                              Plaintiffs,

     -against-

CITY OF NEW YORK, ANTHONY EGAN, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants,

**COMPLAINT**

Docket No.

Jury Trial Demanded

GLEESON, J.

GO, M.J.

----------------------------------------------------------------X

       Plaintiffs DAVID BLOOMER and EQASHA BLOOMER, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

     **1.**    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff DAVID BLOOMER also asserts supplemental state law claims.

### JURISDICTION

     **2.**    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff DAVID BLOOMER asserts supplemental state law claims pursuant to common law and the New York State Constitution.

     **3.**    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DAVID BLOOMER is a twenty-four year old African American man residing in Staten Island, New York.

7. Plaintiff EQASHA BLOOMER is a twenty-nine year old African American woman residing in Staten Island, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, ANTHONY EGAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 8, 2009, at approximately 11:00 p.m., plaintiff DAVID BLOOMER exited 181 Gordon Street in Staten Island and disposed of a bag of garbage in front of said location. Upon re-entering 181 Gordon Street, the defendant police officers approached, detained and questioned plaintiff. When plaintiff DAVID BLOOMER stated in sum and substance, why do you always harass us, the defendant police officers grabbed plaintiff, slammed him to the floor, kneed him on his back, pushed his head into the floor, and placed handcuffs on his wrists. While plaintiff DAVID BLOOMER was restrained by handcuffs behind his back, the defendant police officers picked him up and slammed him down to the floor. Thereafter, the defendants transported plaintiff to a police precinct where plaintiff was illegally searched and unlawfully imprisoned.

14. On January 9, 2009 at approximately 1:00 p.m. the defendants released plaintiff DAVID BLOOMER without filing any charges against him.

15. On January 8, 2009, at approximately 11:00 p.m., plaintiff EQASHA BLOOMER entered the lobby of 181 Gordon Street and saw her brother, plaintiff DAVID BLOOMER chest down to the floor and handcuffed behind his back. When plaintiff EQASHA BLOOMER asked, in sum and substance, why is my brother under arrest, a defendant police officer sprayed pepper spray in plaintiff EQASHA BLOOMER'S face, grabbed her, struck her on her body, grabbed her

3

by her neck, and placed handcuffs on her wrists. Thereafter, the defendant transported plaintiff to a police precinct and imprisoned her therein. The defendants arranged for plaintiff's transport to Richmond University Medical Center for medical treatment.

16. The defendants and other NYPD officers imprisoned plaintiff EQASHA BLOOMER until January 9, 2009 when plaintiff was arraigned on baseless charges filed under docket number 2009RI000298 in Richmond County Criminal Court; said charges having been filed based on the false allegations of defendant EGAN. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of police brutality misconduct.

17. On January 9, 2009, the false charges were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

18. All of the above occurred while other defendant NYPD officers who were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiffs based on their race.

20. As a result of the foregoing, plaintiffs DAVID BLOOMER and EQASHA BLOOMER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

4

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

21. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiffs DAVID BLOOMER and EQASHA BLOOMER, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

5

28. Defendants arrested plaintiffs DAVID BLOOMER and EQASHA BLOOMER without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

29. Defendants caused plaintiffs DAVID BLOOMER and EQASHA BLOOMER to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs DAVID BLOOMER and EQASHA BLOOMER'S constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiffs DAVID BLOOMER and EQASHA BLOOMER were subjected to excessive force and sustained physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants maliciously issued criminal process against plaintiff EQASHA BLOOMER by causing her to appear in Richmond County Criminal Court.

35. Defendants caused plaintiff EQASHA BLOOMER to appear in Court in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

36. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The defendants detained, seized, assaulted, battered, arrested and imprisoned plaintiffs DAVID BLOOMER and EQASHA BLOOMER, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

38. As a result of the foregoing, plaintiffs DAVID BLOOMER and EQASHA BLOOMER were deprived of their rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiffs DAVID BLOOMER and EQASHA BLOOMER, whose constitutional rights were being violated in their presence by other officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiffs DAVID BLOOMER and EQASHA BLOOMER were subjected to excessive force, their liberty was restricted for an extended period of time, they were put in fear of their safety, and the were humiliated and subjected to tight handcuffing and other physical restraints, and detained without probable cause.

7

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The supervisory defendants personally caused plaintiffs DAVID BLOOMER and EQASHA BLOOMER'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, falsely arresting citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs DAVID BLOOMER and EQASHA BLOOMER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs DAVID BLOOMER and EQASHA BLOOMER.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs DAVID BLOOMER and EQASHA BLOOMER as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs DAVID BLOOMER and EQASHA BLOOMER as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs DAVID BLOOMER and EQASHA BLOOMER were seized, subjected to excessive force, falsely arrested, and imprisoned.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs DAVID BLOOMER and EQASHA BLOOMER'S constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiffs DAVID BLOOMER and EQASHA BLOOMER of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from the use of excessive force and/or the failure to intervene;

  C. To be free from seizure and arrest not based upon probable cause;

  D. To be free from malicious abuse of process;

  E. To be free from false imprisonment/arrest;

  F. To receive equal protection under law.

54. As a result of the foregoing, plaintiffs DAVID BLOOMER and EQASHA BLOOMER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, plaintiff DAVID BLOOMER duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiff DAVID BLOOMER has complied with all conditions precedent to maintaining the instant action.

60. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

10

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

61. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants arrested plaintiff DAVID BLOOMER without probable cause.

63. Plaintiff DAVID BLOOMER was detained against his will for an extended period of time and subjected to physical restraints.

64. As a result of the aforementioned conduct, plaintiff DAVID BLOOMER was unlawfully imprisoned in violation of the laws of the State of New York.

65. As a result of the aforementioned conduct, plaintiff DAVID BLOOMER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

66. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. As a result of the foregoing, plaintiff DAVID BLOOMER was placed in apprehension of imminent harmful and offensive bodily contact.

68. As a result of defendants' conduct, plaintiff DAVID BLOOMER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants made offensive contact with plaintiff DAVID BLOOMER without privilege or consent.

71. As a result of defendants' conduct, plaintiff DAVID BLOOMER has suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

72. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

74. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

75. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

76. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

77. As a result of the aforementioned conduct, plaintiff DAVID BLOOMER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

12

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

78. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

80. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiffs.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Plaintiff DAVID BLOOMER'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the

13

wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

87. As a result of the foregoing, plaintiff DAVID BLOMER is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs DAVID BLOOMER and EQASHA BLOOMER demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 1, 2010

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiffs DAVID BLOOMER and EQASHA BLOOMER

15